UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TRENTON DAVON FYE,

          Plaintiff,

          v.                      CAUSE NO. 3:25-CV-306-GSL-AZ

KILLINGSWORTH, et al.,

          Defendants.

## OPINION AND ORDER

Trenton Davon Fye, a prisoner without a lawyer, was ordered to show cause why the initial partial filing fee was not paid. (ECF 4.) After the order issued, the fee was received. (ECF 6.) The case will proceed to screening.

The court must screen the complaint (ECF 1) and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Fye is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In January 2024, Fye was accused of stabbing a correctional officer at Miami Correctional Facility and was transferred to the Westville Control Unit ("WCU").[1] Shortly after his arrival, he claims Sergeant Killingsworth (first name unknown) threatened to "beat [his] ass" because Fye had assaulted a fellow officer. He claims he reported the threat to Lieutenant Crittendon (first name unknown) and Unit Team Manager Tracy Cornett, among others.[2] Lieutenant Crittendon allegedly promised him he would be safe but took no steps to protect him, and Manager Cornett allegedly told him she didn't care what happened to him.

On January 31, 2024, Sergeant Killingsworth was transporting him to another area of the prison and assaulted him, even though he was handcuffed and allegedly not posing any risk. He claims the officer punched him, choked him, and smashed his head into a wall, among other things, and Officer Flores (first name unknown) allegedly assisted in this unprovoked beating. Fye claims he had a knot on his head, pain, and bruises after this incident, but the officers refused his request to be taken to the medical unit.

He subsequently filed a grievance about this incident with Grievance Specialist Shannon Smith. In late February 2024, he met with Specialist Smith about this and

---

[1] Public records reflect Fye is currently facing criminal charges in Miami County for possessing a deadly weapon as a prisoner and battery with bodily injury to a public safety officer. *State v. Fye*, 52D01-2403-F4-000100 (Miami Sup. Ct. filed Mar. 28, 2024). The court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

[2] He also mentions telling a mental health provider about the alleged threat, but he expressly disavows asserting any claim against her. (ECF 1 at 9.) He likewise describes interactions with a nurse but does not name her as a defendant. In the interest of brevity, the court does not recount all of his detailed allegations related to these individuals.

approximately 30 other grievances he had filed since arriving at WCU one month earlier. After this meeting, Specialist Smith and Warden Jason Smiley designated Fye as a "grievance abuser," meaning he was barred from submitting any more grievances for 30 days. As a result, Specialist Smith did not respond to some of his grievances, including the one related to the incident with Sergeant Killingsworth.

Under the Eighth Amendment, inmates cannot be subjected to excessive force. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* Giving Fye the inferences to which he is entitled at this stage, he claims Sergeant Killingsworth and Officer Flores beat him because they were angry he had attacked a fellow officer. He claims he was handcuffed and not posing any threat, and the court must accept his allegations as true at this stage. He has alleged enough to proceed further against the officers on an excessive force claim.

He also seeks to hold Lieutenant Crittendon and UTM Manager Cornett responsible for the attack. Liability under 42 U.S.C. § 1983 is based on personal responsibility, and these individuals cannot be held liable solely because they hold supervisory positions. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). They can be held liable for a constitutional violation if they "know about the conduct and facilitate

3

it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). To be held liable for failing to protect a prisoner from an impending harm, a defendant must have "acted with the equivalent of criminal recklessness, in this context meaning they were actually aware of a substantial harm to [plaintiff's] health or safety, yet failed to take appropriate steps to protect him from the specific danger." *Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008). Fye claims both of these supervisors knew in advance that Sergeant Killingsworth had threatened to physically assault him, but they allegedly turned a blind eye and did nothing to stop the attack or keep him separated from this officer. A short time later, Sergeant Killingsworth was alone with him and allegedly beat him for no legitimate reason. Fye will be permitted to proceed further against these defendants under the Eighth Amendment.

The Eighth Amendment also entitles inmates to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim for the denial of this right, a prisoner must allege (1) he had an objectively serious medical need and (2) the defendant acted with deliberate indifference to that medical need. *Id.* A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation

4

marks omitted). Fye claims he had a head injury and was in severe pain after the attack and asked the officers to take him to the medical unit. The officers allegedly laughed at him and did nothing to assist him. The complaint can be read to allege that they did this to prolong his pain because they were angry about his attack on a fellow officer. Fye will be permitted to proceed further against these defendants on a denial of medical care claim.

He also sues Warden Smiley and Specialist Smith. The mere fact that Fye wrote letters to Warden Smiley after this incident to complain about what happened is not a basis to impose damages against him. *Burks*, 555 F.3d at 596. Fye appears to ask for permanent injunctive relief against Warden Smiley permitting him to bypass the grievance process in the future. Exhaustion of grievances is mandated by a federal statute, however, and the court cannot grant Fye this relief. *See* 42 U.S.C. § 1997e(a); *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).

Although unclear, Fye may be claiming that Specialist Smith and/or Warden Smiley improperly designated him as a grievance abuser because of the 30 plus grievances he filed during his first month in WCU. In his view, all of these grievances had merit. It does not appear that such a claim is sufficiently related to Fye's excessive force and denial of medical care claims against the two correctional officers to proceed in the same lawsuit, as the claims involve different defendants and different underlying events. *See Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

He may be claiming that Specialist Smith mishandled his grievance about the beating, as well as an earlier grievance he filed complaining about Sergeant Killingsworth. If so, "[p]rison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause." *Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2011)*; see also Daniel v. Cook Cty.*, 833 F.3d 728, 736 (7th Cir. 2016). The mere fact that Specialist Smith received or responded to grievances about Sergeant Killingsworth does not make her liable for a constitutional violation he committed. *Daniel*, 833 F.3d at 736; *Burks*, 555 F.3d at 595. If Fye's exhaustion of administrative remedies becomes an issue at a later stage, he is free to argue that the grievance process was unavailable to him because Specialist Smith mishandled his grievances. *See Woodford v. Ngo*, 548 U.S. 81, 102 (2006). However, his allegations do not support an independent constitutional claim.

Fye mentions other issues in his complaint, specifically, that he was refused a shower on one occasion, was denied two meals, and had a problem with the lights in his cell for a few days. It is unclear if he included this information simply as background, or if he intended to sue about these issues. For completeness, the court notes that the problems he points to do not rise to the level of an Eighth Amendment violation. *See Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 671 (7th Cir. 2012); *see also Pegues v. Rogers*, No. 3:07-CV-93-PPS, 2007 WL 951896, at *1 (N.D. Ind. Mar. 27, 2007) ("[C]onditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of Constitutional violations.").

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Sergeant Killingsworth and Officer Flores (first names unknown) in their personal capacity for monetary damages for using excessive force against him on or about January 31, 2024, in violation of the Eighth Amendment;

(2) GRANTS the plaintiff leave to proceed against Sergeant Killingsworth and Officer Flores (first names unknown) in their personal capacity for monetary damages for denying him necessary medical care after this incident in violation of the Eighth Amendment;

(3) GRANTS the plaintiff leave to proceed against Lieutenant Crittendon (first name unknown) and Unit Team Manager Tracy Cornett in their personal capacity for monetary damages for turning a blind eye to Sergeant Killingsworth's threat to harm the plaintiff in violation of the Eighth Amendment;

(4) DISMISSES all other claims;

(5) DISMISSES Shannon Smith and Smiley as defendants;

(6) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sergeant Killingsworth (first name unknown), Officer Flores (first name unknown), Lieutenant Crittendon (first name unknown), and Unit Team Manager Tracy Cornett at the Indiana Department of Correction and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(7) ORDERS the Indiana Department of Correction to provide the U.S. Marshals with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available; and

(8) ORDERS Sergeant Killingsworth (first name unknown), Officer Flores (first name unknown), Lieutenant Crittendon (first name unknown), and Unit Team Manager Tracy Cornett to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this order.

SO ORDERED on August 20, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT